JERNIGAN, BANK COMMISSIONER, v. TEXARKANA-FOREST
PARK PAVING, WATER, SEWER & GAS DISTRICT NO. 1 OF
MILLER COUNTY.

4-6746                                    162 S. W. 2d 492

Opinion delivered May 18, 1942.

*Wallace Townsend* and *Willis Townsend,* for appellant.

*Ben E. Carter* and *Willis B. Smith,* for appellee.

*Wallace Townsend,* for eight school districts owning bonds issued by appellee.

GREENHAW, J.   This suit was brought to compel appellee district to levy and collect betterment assessments for the purpose of paying bonds which the district had issued.

Appellant candidly admits that this relief cannot be awarded unless the opinion in the case of *Texarkana-Forest Park Paving, Water, Sewer & Gas District No. 1* v. *State, use Miller County,* 189 Ark. 617, 74 S. W. 2d 784, is overruled. The parties refer to this case as the Texarkana case, and we will designate it by the same name.

That was a case in which the district and its receiver were attempting to secure state aid under the provisions of act 63 of the Acts of 1931. The relief prayed was denied upon the ground that the district had been organized under and by authority of act 183 of the Acts of 1927, which act was amendatory of act 126 of the Acts of 1923, as amended by act 645 of the Acts of 1923, which said act 183 was invalid for the reasons stated in the opinion above cited.

Act 63 of the Acts of 1931, under which state aid was sought, provided for a levy of six cents per gallon gasoline tax, one-sixth of which was to constitute a "county road fund," and provided that the State Treasurer, prior to disbursing such funds to the respective counties, should deduct the amount required to pay 75 per cent. of the maturing bonds issued by certain road improvement districts which had been organized under valid legislation.

The county judge of Miller county, in that capacity and as a citizen and taxpayer of that county, brought suit to restrain the State Treasurer from making any deductions from Miller county's allotments under act 63 of the Acts of 1931 for the appellant district, for the reason that the district had been organized under invalid legislation.

This contention was sustained, it being held that the district had no legal existence and was not, therefore, entitled to participate in benefits intended only for districts validly organized. An elaborate opinion was written by the Chief Justice, from which three members of the court dissented, and it is not thought that any useful purpose would now be subserved by repeating here the arguments leading to the conclusion stated. The question was further considered in an additional opinion, in which a motion for rehearing was denied. The present appeal partakes of the nature of an additional and belated motion for a rehearing; but it does not appear that any questions are now presented which were not there considered, save only the contention now made that the former opinion has, in effect, been overruled by the later opinion in the case of *Hollis & Co.* v. *McCarroll, Commissioner*, 200 Ark. 523, 140 S. W. 2d 420.

The argument in this respect is to the following effect. In the Texarkana case it was held that act 183 of the Acts of 1927 offends § 23 of article 5 of the Constitution, which provides that "No law shall be revived, amended, or the provisions thereof extended or conferred by reference to its title only; but so much thereof as is revived, amended, extended or conferred shall be re-enacted and published at length."

The insistence is that the legislation upheld in the Hollis case, *supra,* (the extension of the state's right to collect the sales tax), was enacted in the same manner as was act 183, but was upheld notwithstanding the provisions of the section of the Constitution just quoted.

It is pointed out in the briefs of opposing counsel that the Texarkana case was cited in the briefs in the Hollis case to sustain the contention that the act extending the time for the collection of the sales tax—act 364 of the Acts of 1939—was invalid as offending against § 23 of article 5 of the Constitution. It was not thought so, and the Texarkana case was not referred to in the Hollis case, and we would not overrule the Texarkana case without indicating the intention to do so. But if we should now admit that we were in error in holding, in the Texarkana case, that § 23 of article 5 of the Constitution had been violated, that case (the Texarkana case) would still be controlling here, because it was there also held that the act under which appellant district was organized was invalid as being in contravention of Amendment No. 14 to the Constitution, which inhibits the enactment of local legislation.

A demurrer to appellant's complaint was sustained, and inasmuch as it is conceded that this decree must be affirmed unless the Texarkana case is overruled, we affirm that decision, being unwilling to overrule the Texarkana case.